UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAMELA M. GRAY and T.G.,

                        Plaintiffs,

      -against-

HAWTHORNE N.Y. FACILITY,

                        Defendant.
----------------------------------------------------------X

ORDER
12-CV-1448(SJF)(WDW)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ APR 1 1 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Before the Court is the complaint of pro se plaintiff Pamela M. Gray ("plaintiff"), brought on behalf of herself and her minor daughter, T.G.[1] The complaint is accompanied by an application to proceed in forma pauperis. Since the Court finds that plaintiff's financial position qualifies her to commence this action without prepayment of the Court's filing fee, plaintiff's application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a)(1). However, for the reasons that follow, the complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

I.     Background

The instant complaint is the second pro se complaint filed by plaintiff on behalf of herself and T.G. The first was filed on August 15, 2011 against a defendant identified as "Mercy First."

---

[1] The Guidelines for Compliance with the August 2, 2004 Amendments to the E-Government Act of 2002 require that minor children shall be identified in court filings only by his or her initials, rather than by his or her full name. See Administrative Order 2004-09. Accordingly, the Clerk of the Court is directed to so amend the caption to reflect only the initials of the plaintiff's minor daughter.

See Case No. 11-CV-3967. By order dated August 30, 2011 the undersigned sua sponte dismissed the complaint, noting that plaintiff, as a non-lawyer, could not bring a pro se action on behalf of her minor daughter in federal court. See id. at Docket Entry No. 3. The Court further noted that plaintiff had failed to state a plausible claim on her own behalf. Id. Plaintiff was directed to retain counsel for her daughter and to file an amended complaint within thirty (30) days from the date that the order was served upon her. Id. Plaintiff did not comply with this order, and on October 12, 2011, the Court sua sponte dismissed plaintiff's claims with prejudice and plaintiff's daughter's claims without prejudice. Id. at Docket Entry No. 4.

II.     The Instant Complaint

As she did previously, plaintiff seeks to assert pro se claims on behalf of herself and her minor daughter. The brief, handwritten complaint is largely illegible. As the Court can best discern, plaintiff's "statement of claim" alleges in its entirety: "At the [defendant] facility, [T.G.] was being mistreated out-of-town facility. I found Tuesday she was thru out and [indecipherable] some boy I never met." Complaint at 1. Plaintiff seeks to recover ten thousand dollars ($10,000) for "mistreat[ment] and medical bills I have." Id. at 2.

III.    Discussion

A.      In Forma Pauperis Application

Upon review of plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request

to proceed in forma pauperis is granted.

B.  Capacity to Sue

"In the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'" Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654). "[A]n individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves." Id. (emphasis in original) (internal citations omitted).

It is well settled in the Second Circuit that a non-attorney parent may not bring an action on behalf of his or her minor child. See, e.g., Wenger v. Canastota Central School District, 146 F.3d 123, 125 (2d Cir. 1998), overruled on other grounds by Winkelman v. Parma City School District, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"). The Court may not "make a merits determination of claims filed on behalf of a minor . . . who is not properly represented." Berrios, 564 F.3d at 134. Even if no party raises this issue, it is the district court's responsibility to address it sua sponte. Wenger, 146 F.3d at 125.

Accordingly, the pro se plaintiff cannot represent her daughter in this case. Plaintiff is directed, within **thirty (30) days** from the date that this order is served upon her, to: (1) obtain counsel to represent her daughter, and (2) file an amended complaint in accordance with this order. If plaintiff fails to comply with this directive, the claims asserted on behalf of her

3

daughter will be dismissed without prejudice.[2]

C. Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings must give "fair notice of what the ... claim is and the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and identify the nature of the case. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). When a complaint fails to satisfy the Rule 8 pleading standard, a district court may dismiss the complaint on motion or sua sponte. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Additionally, a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Even liberally construed, plaintiff's pro se complaint does not meet the pleading

---

[2]The Court has considered whether to appoint pro bono counsel to represent T.G. in this action. The Court finds that such appointment is not warranted at this time because the present complaint does not allege a plausible claim. See Case No. 11-CV-3967 at Docket Entry No. 3.

4

requirements of Rule 8. Accordingly, the complaint is dismissed in its entirety and, unless an amended complaint is filed within **thirty (30) days** of the date this order is served upon plaintiff, any claims asserted on plaintiff's own behalf will be deemed dismissed with prejudice.

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted. However, T.G.'s claims are sua sponte dismissed without prejudice unless counsel enters an appearance on her behalf and files an amended complaint in accordance with this order within thirty (30) days of the date that this order is served upon plaintiff. Plaintiff's claims brought on her own behalf are sua sponte dismissed with prejudice unless plaintiff files an amended complaint properly stating a claim against defendant within thirty (30) days from the date that this order is served upon her.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated:    April 11, 2012
          Central Islip, New York

5